1  Kathleen Maylin (State Bar No. 155371)
2  JOHN A. Ontiveros (State Bar No. 225706)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, California 94105
4  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
5
6  Attorneys for Defendant
   CHERNE CONTRACTING CORPORATION
7

*ORIGINAL FILED*

*AUG 8 2008*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

*EMC*

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

**CV 08    3804**

11  VICTOR GONZALEZ,                        Case No.

12            Plaintiff,                    **NOTICE OF REMOVAL OF ACTION
                                            TO FEDERAL COURT**
13       v.
                                            **[28 U.S.C. §1441(a) and (b) - Diversity of
14  CHERNE CONTRACTING CORPORATION,          Citizenship Jurisdiction]**
    a business entity of unknown form; and DOES
15  1 TO 25, INCLUSIVE,

16            Defendants.

17

18  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

19  DISTRICT OF CALIFORNIA, PLAINTIFF VICTOR GONZALEZ, AND HIS ATTORNEYS

20  OF RECORD:

21       PLEASE TAKE NOTICE that Defendant Cherne Contracting Corporation ("Defendant")

22  hereby removes to this Court the State Court action described below.

23       1.    On July 8, 2008, Plaintiff Victor Gonzalez ("Plaintiff") commenced the action of

24  Victor Gonzalez, Plaintiff v. Cherne Contracting Corporation, a business entity of unknown form,

25  and DOES 1 to 25, Defendants in the Superior Court for the County of Contra Costa, Unlimited

26  Jurisdiction, Case No. C 08-01746, by filing a Complaint for Wrongful Termination in Violation

27  of Public Policy, Wrongful Constructive Termination, Violation of Labor Code Section 6400 et

28  seq., and Unfair Business Practice In Violation of Business and Professions Code Section 17200

1

("Complaint"), against Defendant. Plaintiff's Complaint contains the following causes of action: wrongful termination in violation of public policy (first cause of action); wrongful constructive termination (second cause of action); violation of California Labor Code Section 6400 et seq. (third cause of action); and unfair business practice violation of California Business and Professions Code Section 17200 et seq. (fourth cause of action).

2.     On July 17, 2008 Plaintiff served Defendant, through its agent for service of process, a copy of the Summons, Civil Case Cover Sheet, Complaint for Damages, Notice of Case Management Conference, Notice to Plaintiff, Notice to Defendant, Case Management Statement, Contra Costa Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days, and Contra Costa County Superior Court Alternative Dispute Resolution Information Sheet. True and correct copies of the aforementioned documents, along with the Service of Process Transmittal from Defendant's agent for service of process, are attached hereto as **Exhibit A**. On August 7, 2008, Defendant filed Cherne Contracting Corporation's Answer to Plaintiff's Unverified Complaint, a true and correct copy of which is attached as **Exhibit B**.

3.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332(a), and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(a) and (b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

4.     Defendant is informed and believes Plaintiff was at the time he filed this action and still is a citizen and resident of the State of California.

5.     Defendant presently is a citizen of Michigan and Minnesota – and not California – and was so at the time Plaintiff filed his Complaint. A corporate defendant "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ..." 28 U.S.C. § 1331(c)(1). At the time Plaintiff filed his Complaint in Contra Costa Superior Court and at the time Defendant moves the Court for removal of this action, Defendant was incorporated under the laws of the State of Michigan. See Attached **Exhibit C**, Declaration of Dominique Najjar, ¶ 2. Defendant's principal place of business currently is, and was at the time Plaintiff filed his Complaint, in the State of Minnesota, not

2

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
[28 U.S.C. §1441 (a) and (b) –Diversity of Citizenship Jurisdiction]     Case No.

1    California. [Id.] Although Defendant does business in the continental United States, it controls
2    its nationwide operations from Minnesota, where its headquarters and its executive and
3    administrative offices are located.    [Id.]    The majority of Defendant's executive and
4    administrative functions are performed in Minnesota. [Id.]

5        6.    The presence of "Doe" defendants has no bearing on diversity with respect to
6    removal. 28 U.S.C. § 1441(a).

7        7.    Without conceding that Plaintiff is entitled to damages or could recover damages
8    in any amount whatsoever, the matter in controversy in this action will more likely than not
9    exceed $75,000. 28 U.S.C. §1332(a). The matter in controversy exceeds the sum of $75,000,
10    exclusive of interest and costs, for the following reasons:

11        8.    Plaintiff's complaint alleges he was employed by Defendant and wrongfully
12    constructively discharged on July 21, 2007, and has suffered lost income and career opportunities,
13    and other economic losses. (Complaint, ¶¶ 21, 26, 34, 42, 50, and prayer ¶ A.) Between
14    approximately August 13, 2006 and July 21, 2007, Plaintiff worked approximately forty-three
15    (43) weeks for Defendant, and earned approximately $65,340.71 total in wages. **Exhibit C**, Decl.
16    of Najjar, ¶ 3. On average, Plaintiff earned $1,519.55 per week in wages during his employment
17    with Cherne. The project Plaintiff worked on for Defendant was substantially completed on April
18    16, 2008. **Exhibit C**, Decl. of Najjar, ¶ 4. Assuming for purposes of this analysis only that
19    Plaintiff was successful on his claims, the amount in controversy of Plaintiff's lost income alone
20    from July 21, 2007 through April 16, 2008 (approximately 39 weeks), is approximately
21    $59,262.45.

22        9.    In addition to wages, Plaintiff received benefits during his employment with
23    Cherne for: (a) health and welfare; (b) pension; (c) annuity; and (d) other benefits. Between
24    approximately August 13, 2006 and July 21, 2007, Plaintiff worked approximately forty-three
25    (43) weeks for Defendant, and received approximately $22,449.12 total in benefits. **Exhibit C**,
26    Decl. of Najjar, ¶ 5. On average, Plaintiff received $522.07 per week in benefits during his
27    employment with Cherne. The project Plaintiff worked on for Defendant was substantially
28    completed on April 16, 2008. **Exhibit C**, Decl. of Najjar, ¶ 4. Assuming for purposes of this

3

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
[28 U.S.C. §1441 (a) and (b) –Diversity of Citizenship Jurisdiction]    Case No.

1  analysis only that Plaintiff was successful on his claims, the amount in controversy of Plaintiff's

2  lost benefits from July 21, 2007 through April 16, 2008 (approximately 39 weeks), is

3  approximately $20,360.73.

4         10.    Assuming for purposes of this analysis only that Plaintiff was successful on his

5  claims, the amount in controversy of Plaintiff's lost income ($59,262.45) and benefits

6  ($20,360.73) is approximately $79,623.18, which exceeds the matter in controversy requirement

7  under 28 U.S.C. §1332(a).

8         11.    Further, Plaintiff's prayer for relief on all claims seeks "costs of suit as allowed by

9  law and for such other and further relief as the court deems proper," which may include an award

10  of attorney's fees. (Complaint, prayer ¶ D.)  "Attorneys' fees may be included in the amount in

11  controversy if recoverable by statute or contract." Simmons v. PCR Technology, 209 F. Supp.2d

12  1029, 1034 (N.D. Cal. 2002)(quoting Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 155-56 (9th

13  Cir. 1998)).  Although California Business and Professions Code §17200 does not expressly

14  provide for attorney's fees, "if a plaintiff prevails in an unfair competition law claim, it may seek

15  attorney's fees as a private attorney general pursuant to Code of Civil Procedure § 1021.5."

16  Walker v. Countrywide Home Loans, Inc., 98 Cal. App. 4th 1158, 1179 (2002).  Thus, attorney's

17  fees may be included in the amount in controversy based on the claims asserted in Plaintiff's

18  Complaint, because attorney's fees are recoverable under Code of Civil Procedure § 1021.5 for

19  claims asserted under Business and Professions Code §17200.  It is more likely than not that the

20  amount of attorney's fees in controversy exceeds $100,000.  Attorney's fees accrue until the

21  action is resolved for the purpose of the amount in controversy requirement.  Simmons, 209

22  F.Supp.3d at 1034.

23         12.    Therefore, the claims alleged and damages requested in Plaintiff's Complaint for

24  lost income and other economic losses, attorney's fees, punitive damages, disgorgement of ill-

25  gotten gains under Business and Professions Code section 17200, and other Special and General

26  damages, demonstrate the matter in controversy exceeds the requirement under 28 U.S.C.

27  §1332(a).

28         13.    This Notice of Removal has been filed within the time frame provided by 28

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
[28 U.S.C. §1441 (a) and (b) –Diversity of Citizenship Jurisdiction]    Case No.

1    U.S.C. §1446(b), because it was filed within 30 days after service of the Complaint on Defendant.

2        14.    Venue lies in the United States District Court for the Northern District pursuant to

3    28 U.S.C. §§1441(a) and 1391(a) because the state court action was filed in Contra Costa County,

4    a county within this District, and this is the judicial district in which the action arose.  Because the

5    action arose in Contra Costa County, it shall be assigned to the San Francisco Division of this

6    Court.  Civil L.R. 3-2(e).

7        15.    For all the foregoing reasons, this Court has original jurisdiction of this matter

8    under 28 U.S.C. §§1332(a) and 1441(b).

9        WHEREFORE, Defendant prays the above action now pending against it in the Superior

10   Court of the State of California for the County of Contra Costa be removed to this Court.

11   Dated:  August 8, 2008                    JACKSON LEWIS LLP

12

13                                    By_____

14                                       Kathleen Maylin
                                         John A. Ontiveros
15                                       Attorneys for Defendant
                                         CHERNE CONTRACTING
16                                       CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

5

# *Exhibit A*

7-17-08
1050A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Cherne Contracting Corporation, a business entity of unknown form; and DOES
1-25, inclusive



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2008 JUL -8 P 3: 15

K. ...
COUNTY OF ...
BY
C. Green, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Victor Gonzalez

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
 There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

 *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
 *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso)* 08 - 01746 |
|---|---|

*(El nombre y dirección de la corte es):*
Wakefield Taylor Courthouse
725 Court Street

Martinez CA 94553
Unlimited Civil Jurisdiction
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher B. Dolan (SBN165358)    (415) 421-2800
The Dolan Law Firm
1438 Market Street
San Francisco, CA 94102

DATE: **JUL 08 2008**
*(Fecha)*

CLERK OF THE
SUPERIOR COURT
Clerk, by _____, Deputy
*(Secretaria)*                         *(Adjunto)*

C. Green

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Cherne Contracting Corporation,
a business entity of unknown form.

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* a business entity of unknown form.

4. ☒ by personal delivery on *(date):* 7-17-08                    Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465



FILED

2008 JUL -9 P 3: 14

1  Christopher B. Dolan (SBN 165358)
   **THE DOLAN LAW FIRM**
2  1438 Market Street
   San Francisco, CA  94102
3  Tel:  (415) 421-2800
   Fax:  (415) 421-2830
4
   Attorneys for Plaintiff
5  VICTOR GONZALEZ

6

7            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               IN AND FOR THE COUNTY OF CONTRA COSTA

9                    UNLIMITED CIVIL JURISDICTION

10

11  VICTOR GONZALEZ,                          **C 08-01746**

12          Plaintiffs,                       COMPLAINT FOR DAMAGES

13  v.                                        1.    WRONGFUL TERMINATION IN
                                              VIOLATION OF PUBLIC POLICY;
14                                            2.    WRONGFUL CONSTRUCTIVE
    CHERNE CONTRACTING                        TERMINATION;
15  CORPORATION, a business entity of         3.    VIOLATION OF CALIFORNIA
    unknown form; and DOES 1 – 25, inclusive  LABOR CODE SECTION 6400 ET SEQ.;
16                                            4.    UNFAIR BUSINESS PRACTICE
                                              (VIOLATION OF BUS. & PROF. §
17          Defendants.                       17200).

18                                            PER LOCAL RULE 5 THI
                                              CASE IS ASSIGNED TO
19                                            DEPT
                                              DEMAND FOR A JURY TRIAL
20                                            **BY FAX**

21          Comes now VICTOR GONZALEZ, Plaintiff in the above action, and files this Complaint

22  and further alleges as follows:

23

24                              **PARTIES**

25  1.      The true names and capacities of the Defendants, DOES 1 through 25, whether individual,

26  corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and

27  Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of Court to

28  amend this Complaint to show their true names or capacities when the same have been ascertained.

                                          1

THE
DOLAN
LAW FIRM          COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
1438 MARKET STREET
SAN FRANCISCO, CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

1    Plaintiff is informed and believes, and thereupon alleges, that each of the DOE Defendants is, in some

2    manner, responsible for the events and happenings herein set forth and proximately caused injury and

3    damages to the Plaintiff as herein alleged.

4    2.        Plaintiff is informed and believes, and thereupon alleges, that at all times herein

5    mentioned, each of the Defendants was the agent, employee, servant, co-venturer, and/or employee of

6    each of the other Defendants and was at all times herein mentioned acting within the scope of said

7    agency, venture, and/or employment and with actual or ostensible authority and/or agency and that

8    each of the Defendants ratified the actions and/or conduct of the others.

9    3.        Plaintiff VICTOR GONZALEZ, was at all relevant times, an employee of Defendants

10   CHERNE CONTRACTING CORPORATION and/or DOES 1-25 at all relevant times until the

11   termination of his employment.

12   4.        Defendant CHERNE CONTRACTING CORPORATION and/or Defendants DOES 1-25,

13   was at all times herein mentioned and is a business entity of unknown form, doing business within the

14   County of Contra Costa, State of California, within the above captioned judicial district.  Many of the

15   acts complained of herein took place within said judicial district.  Plaintiff is informed and believes,

16   and thereupon alleges, that CHERNE CONTRACTING CORPORATION and/or DOES 1-25

17   (hereinafter jointly "Corporate Defendants") were the employer and/or parent company of the other

18   defendants.

19   5.        Plaintiff is informed and believes, and thereupon alleges, that at all material times,

20   defendants DOES 1-25 were business of unknown form, and were the employers of Plaintiff and/or

21   the individual managers, supervisors, and/or co-workers mention herein.  Plaintiff will ask leave of

22   Court to amend this Complaint to show their true names or capacities when the same have been

23   ascertained.

24

25                          **VENUE AND JURISDICTION**

26   6.        Venue in this court is proper as Plaintiff worked within and the injuries to the Plaintiff

27   occurred within the County of Contra Costa.  Further, the Corporate Defendants availed themselves of

28   the subject jurisdiction by operating their business within the subject jurisdiction for the purposes of

THE
DOLAN
LAW FIRM
THE DOLAN LAW FIRM
1143 MARKET STREET
SAN FRANCISCO, CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

2
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  extending their business to the county and/or providing services to existing clients.

2  7.      Subject matter in this action is properly heard in this Court, as the action incorporates an

3  amount in controversy as set forth in this complaint which exceeds $25,000.00.

4  8.      At all times mentioned herein, California's Labor Code § 6400 et seq., among others, were

5  in full force and effect, and were binding upon Defendants.

6

7

8                       **FACTS COMMON TO ALL CAUSES OF ACTION**

9  9.      Plaintiff began working for Corporate Defendants in or about August 2006 on a large

10  concrete pouring job.

11  10.      Plaintiff was involved in the pouring and/or vibrating of the concrete. Plaintiff is informed

12  and believes, and thereupon alleges, that failing to vibrate the concrete properly results in air pockets

13  being trapped within the concrete, reducing the strength of the concrete and creating a health and

14  safety hazard for persons, such as Plaintiff who was working on the job, as well as for the general

15  public. Plaintiff felt this conduct violated regulations and/or local codes that governed the sale and/or

16  construction of concrete. Plaintiff was specifically concerned about the construction adhering to the

17  proper regulations and/or ordinances as he was informed and believed, and thereupon alleges, that  the

18  construction involved the building and/or expansion of a refinery on or near one or more faults in a

19  highly populated region increasing the likelihood and/or risks of catastrophic consequences in the

20  event of structural fails

21  11.      Plaintiff is informed and believes, and thereupon alleges, that Corporate Defendants and/or

22  their foremen, managers and/or supervisors failed to ensure the concreted poured at the workplace

23  where Plaintiff worked was properly vibrated.

24  12.      Plaintiff repeatedly expressed his concern to the workplace foremen, managers, and/or

25  supervisors, including but not limited to the general foreman Billy Palacios, that the concrete poured at

26  the site was not being properly vibrated and/or the concrete was likely to have air pockets.

27  13.      Plaintiff is informed and believes, and thereupon alleges, that as the forms used to hold the

28  concrete in place as it set were removed, air pockets were often uncovered requiring additional

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO, CA
94103
TEL: (415) 421-2800
FAX: (415) 421-2830

3

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   concrete to be added as patches.

2   14.      Plaintiff was involved in pouring the concrete for three columns.

3   15.      In protest of the failure to properly vibrate the poured concrete and in fear for his safety,

4   Plaintiff removed himself from involvement with the pouring of the concrete because of the structural

5   defects resulting from improper construction methods used at the site.

6   16.      Plaintiff informed Jim Coon, piping superintendent, his reasons for no longer participating

7   in the pouring of the concrete, including that the concrete was not being properly vibrated.

8   17.      Plaintiff is informed and believes, and thereupon alleges, that Jim Coon discussed

9   Plaintiff's protest regarding the failure to properly vibrate the poured concrete with, among others,

10  Tim Rhan, the civil superintendent at the site.

11  18.      Plaintiff informed Tim Rhan, the civil superintendent at the site, that Juan Blass should not

12  be directly involved in pouring the concrete and/or that Juan Blass's involvement had resulted in many

13  air pockets which created a health and safety threat.

14  19.      Plaintiff worked on an "off plot job", a sub-project at the same general workplace, pouring

15  concrete from May 2007 through July 2007. Plaintiff is informed and believes, and thereupon alleges,

16  that Juan Blass did not initially welcome this other assignment.

17  20.      On or about July 18, 2007, Plaintiff learned that Juan Blass was being sent to the same "off

18  plot job" to pour concrete. Plaintiff is informed and believes, and thereupon alleges, that Tim Rhan

19  sent Juan Blass to pour concrete at the off plot job. Plaintiff had concerns for his health and safety

20  should Juan Blass be assigned to the same "off plot job."

21  21.      As the same structural inadequacies were presented by the company's refusal to adhere to

22  generally accepted principals of concrete construction, on or about July 21, 2007, Plaintiff was

23  constructively discharged from his employment. Plaintiff is informed and believes, and thereupon

24  alleges, that any reasonable person in plaintiff's position subject to those actions would have resigned

25  or quit his employment, as plaintiff was compelled to do out of fear. Plaintiff is informed and

26  believes, and thereupon alleges, that a reasonable employer would have realized that a reasonable

27  person in Plaintiff's position would have been compelled to resign.

28  22.      Plaintiff's employment was constructive terminated when Corporate Defendants and their

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO, CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

4

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  foremen, managers, and/or supervisors failed to take action and/or change the concrete pouring and/or

2  vibrating practices at the workplace subsequent to Plaintiff's protests thereby creating an unsafe work

3  environment, in violation of California Labor Code § 6400 et seq. among others, into which Plaintiff

4  was unable to enter.

5

6                              **FIRST CAUSE OF ACTION**
                      **Wrongful Termination in Violation of Public Policy**
7                               **(Against Corporate Defendants)**

8  23.      Plaintiff re-alleges the allegations set forth in paragraphs 1-22, *supra*, and incorporates

9  them herein by reference as though set forth here in full.

10  24.      Plaintiff is informed and believes and thereon alleges that Corporate Defendants, and each

11  of them, in taking the actions and/or failing to take action as set forth above, created the intolerable

12  conditions at the workplace, and failed to take any steps to end those conditions for the purpose of

13  causing plaintiff's resignation failed to retaliated against Plaintiff for her protesting unlawful

14  discrimination and harassment.  Corporate Defendants, and each of them, thereby subjected Plaintiff

15  to wrongful constructive termination of Plaintiff's employment in violation of the public policy of the

16  State of California, as set forth in Labor Code §6400, et seq., and/or state and local building codes,

17  among other applicable provisions of law.

18  25.      Corporate Defendants, and each of them, failed to provide a workplace satisfying the

19  requirements of California state laws and regulations.

20  26.      As a direct and proximate result of the unlawful conduct of Defendants, and each of them,

21  Plaintiff has lost income and career opportunities, and has suffered other economic losses in an

22  amount to be determined at time of trial.  Plaintiff has sought to mitigate such wage-related damages.

23  27.      As a direct and proximate result of the unlawful conduct of Defendants, and each of them,

24  as alleged herein, Plaintiff has suffered general damages including but not limited to humiliation,

25  inconvenience, anxiety, emotional distress, mental suffering, and fear and other damages to be proven

26  at the time of trial.

27  28.      Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently

28  and oppressively in conscious disregard for Plaintiff's rights.  Plaintiff is entitled to recover punitive

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1472 WEBSTER STREET
SAN FRANCISCO, CA
94115
TEL: (415) 421-2800
FAX: (415) 421-2830

5
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    damages from Defendants in an amount according to proof.

2         WHEREFORE, Plaintiff prays for judgment as set forth below.

3

4                          **SECOND CAUSE OF ACTION**
                           **Wrongful Constructive Discharge**
5                          **(Against Corporate Defendants)**

6    29.      Plaintiff re-alleges the allegations set forth in paragraphs 1-28, *supra*, and incorporates

7    them herein by reference as though set forth here in full.

8    30.      The conditions at Plaintiff's workplace, including the failure of Plaintiff's foremen,

9    managers, and/or supervisors, to take action in response to Plaintiff's complaints concerning the

10   pouring and improper vibration of concrete, were intolerable and/or aggravated at the time Plaintiff

11   was forced to quit his employment.

12   31.      Corporate Defendants knowingly permitted the working conditions at the workplace as

13   described above.  Corporate Defendants and/or their foremen, managers, and/or supervisors had actual

14   knowledge of the intolerable conditions caused by the acts alleged above, and failed to take any steps

15   to end those conditions for the purpose of causing plaintiff's resignation.  Furthermore, Corporate

16   Defendants and/or their foremen, managers, and/or supervisors knew or should have known that

17   plaintiff's resignation would result from its actions.

18   32.      In doing the acts described herein by Plaintiff in the factual summary *supra*, Corporate

19   Defendants deprived Plaintiff of prospective career and employment opportunities, as well as other

20   benefits, by failing to perform its duties to administer and apply all State and local laws, procedures

21   and regulations.

22   33.      Corporate Defendants forced the constructive discharge of plaintiff in breach of public

23   policy.  The underlying public policy being those articulated in California Labor Code § 6400 et seq.,

24   which requires an employer to "furnish employment and a place of employment that is safe and

25   healthful for the employees therein."

26   34.      As a direct and proximate result of the unlawful conduct of Defendants, and each of them,

27   Plaintiff has lost income and career opportunities, and has suffered other economic losses in an

28   amount to be determined at time of trial.  Plaintiff has sought to mitigate such wage-related damages.

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO, CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

35.     As a direct and proximate result of the unlawful conduct of Defendants, and each of them, Plaintiff has suffered general damages including but not limited to humiliation, inconvenience, anxiety, emotional distress, mental suffering, and fear and other damages to be proven at the time of trial.

36.     Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiff's rights.  Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

### THIRD CAUSE OF ACTION
**Violation of California Labor Code Section 6400, et seq.**
**(Against Corporate Defendants)**

37.     Plaintiff re-alleges the allegations set forth in paragraphs 1-36, *supra*, and incorporates them herein by reference as though set forth here in full.

38.     At all times mentioned herein, California's Labor Code §6400, et seq., among others, were in full force and effect, and were binding upon Defendants.

39.     The conditions at Plaintiff's workplace, including the failure of Plaintiff's foremen, managers, and/or supervisors, to take action in response to Plaintiff's complaints concerning the pouring and improper vibration of concrete, were intolerable and/or aggravated at the time Plaintiff was forced to quit his employment.

40.     Corporate Defendants knowingly permitted the unsafe workplace as described above. Corporate Defendants and/or their foremen, managers, and/or supervisors had actual knowledge of the intolerable conditions caused by the acts alleged above, and failed to take any steps to end those conditions for the purpose of causing plaintiff's resignation.  Furthermore, Corporate Defendants and/or their foremen, managers, and/or supervisors knew or should have known that plaintiff's resignation would result from its actions in creating an unsafe work environment.

41.     In doing the acts described herein, Corporate Defendants deprived Plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations to ensure, among other

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO, CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

7

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  things, a safe work environment.

2  42.      As a direct and proximate result of the unlawful conduct of Defendants, and each of them,

3  Plaintiff has lost income and career opportunities, and has suffered other economic losses in an

4  amount to be determined at time of trial.  Plaintiff has sought to mitigate such wage-related damages.

5  43.      As a direct and proximate result of the unlawful conduct of Defendants, and each of them,

6  Plaintiff has suffered general damages including but not limited to humiliation, inconvenience,

7  anxiety, emotional distress, mental suffering, and fear and other damages to be proven at the time of

8  trial.

9  44.      Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently

10  and oppressively in conscious disregard for Plaintiff's rights.  Plaintiff is entitled to recover punitive

11  damages from Defendants in an amount according to proof.

12

13

14                              **FOURTH CAUSE OF ACTION**
                              Unfair Business Practice
15  **Violation of California Business and Professions Code § 17200 et seq.**
                              (Against Corporate Defendants)

16  45.      Plaintiff re-alleges the allegations set forth in paragraphs 1-44, *supra*, and incorporates

17  them herein by reference as though set forth here in full.

18  46.      At all times mentioned herein, California's Business and Professions Code § 17200 et seq.,

19  among others, were in full force and effect, were binding upon Defendants, and prohibited any

20  unlawful, unfair or fraudulent business act or practices.

21  47.      Plaintiff is informed and believes, and thereupon alleges, that during his employment with

22  Defendants as described above and thereafter, Defendants engaged in unfair business acts or unfair

23  business practices as defined by Business and Professions Code § 17200, et seq. including but not

24  limited to intentionally and improperly failing to follow proper construction techniques, including

25  failing to sufficiently vibrate the concrete poured on site, resulting in structural deficiencies and/or an

26  unsafe work environment.

27  48.      These challenged policies and practices have harmed Plaintiff and the general public.

28  49.      Plaintiff is thus entitled to an order requiring Defendants to disgorge the ill-gotten gains

THE
DOLAN
LAW FIRM
TWO DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO, CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

8

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  obtained by engaging in these unlawful business practices and to provide restitution to all persons who

2  have suffered damages or injury as a result of these unlawful business practices during the relevant

3  limitations period.

4  50.      As a direct and proximate result of the unlawful conduct of Defendants, and each of them,

5  Plaintiff has lost income and career opportunities, and has suffered other economic losses in an

6  amount to be determined at time of trial.  Plaintiff has sought to mitigate such wage-related damages.

7  51.      As a direct and proximate result of the unlawful conduct of Defendants, and each of them,

8  Plaintiff has suffered general damages including but not limited to humiliation, inconvenience,

9  anxiety, emotional distress, mental suffering, and fear and other damages to be proven at the time of

10  trial.

11  52.      Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently

12  and oppressively in conscious disregard for Plaintiff's rights.  Plaintiff is entitled to recover punitive

13  damages from Defendants in an amount according to proof.

14

15  WHEREFORE, Plaintiff, VICTOR GONZALEZ, prays for judgments against the Defendants, and

16  each of them, as follows:

17

18

19                              **PRAYER FOR RELIEF**

20                    **FIRST THROUGH THIRD CAUSES OF ACTION**

21  A.      Special damages in a sum according to proof against Corporate Defendants;

22  B.      General damages in a sum according to proof against Corporate Defendants;

23  C.      For interest provided by law including, but not limited to, California Civil Code Section

24          3291 against Corporate Defendants;

25  D.      Costs of suit as allowed by law and for such other and further relief as the court deems

26          proper against Corporate Defendants; and

27  E.      For punitive damages against Corporate Defendants.

28

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO, CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

9

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**FOURTH CAUSE OF ACTION**

A.    Special damages in a sum according to proof against Corporate Defendants;

B.    General damages in a sum according to proof against Corporate Defendants;

C.    For interest provided by law including, but not limited to, California Civil Code Section 3291 against Corporate Defendants;

D.    Costs of suit as allowed by law and for such other and further relief as the court deems proper against Corporate Defendants;

E.    For punitive damages against Corporate Defendants; and

F.    Plaintiffs also are entitled to an order requiring Defendants to disgorge the ill-gotten gains obtained by engaging in these unlawful business practices and to provide restitution to all persons who have suffered damages or injury as a result of these unlawful business practices, during the applicable limitations period.

DATED: July _____, 2008

THE DOLAN LAW FIRM

By: _____
CHRISTOPHER B. DOLAN
Attorneys for Plaintiff
VICTOR GONZALEZ

**DEMAND FOR A JURY TRIAL**

DATED: July _____, 2008

THE DOLAN LAW FIRM

By: _____
CHRISTOPHER B. DOLAN
Attorneys for Plaintiff
VICTOR GONZALEZ

THE
DOLAN
LAW FIRM
THE DOLAN BUILDING
1438 MARKET STREET
SAN FRANCISCO, CA
94102
TEL: (415) 421-2800
FAX: (415) 421-2830

10

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Christopher B. Dolan (SBN165358)<br>The Dolan Law Firm<br>1438 Market Street<br><br>San Francisco, CA 94102<br>TELEPHONE NO.: (415) 421-2800    FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff Victor Gonzalez | **FILED**<br><br>2008 JUL -8 P 3: 15<br><br>CLERK OF<br>COURT OF CONTRA COSTA    CA<br>BY:<br>C. Green, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez CA 94553
BRANCH NAME: Unlimited Civil Jurisdiction

CASE NAME:    Gonzalez v. Cherne Contracting Corp.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | C 08-01746<br><br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve     in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Four (4)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:
Christopher B. Dolan (SBN165358)
_____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**
(238447)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | *Legal*<br>*Solutions*<br>*@ Plus* | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std 3.10 |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

GONZALEZ VS CHERNE CONTRACTING

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC08-01746

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  12/01/08         DEPT:  16        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                        SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  07/08/08                        C. Green
                              CATHRYN GREEN, Deputy Clerk

<u>Superior Court of California, County of Contra Costa</u>

## NOTICE TO PLAINTIFFS
In <u>Unlimited Jurisdiction</u> Civil Actions

## <u>AFTER YOU FILE YOUR COURT CASE:</u>

1. **Have the forms the clerk gives you served on <u>all</u> defendants in this case:**
   a.  The Complaint
   b.  The Summons
   c.  The Notice of Case Management Conference (shows hearing date and time)
   d.  The Notice to Defendants  (Local Court Form CV-655d)
   e.  <u>Blank:</u> Case Management Statement (Judicial Council Form CM-110)
   f.  <u>Blank:</u> Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days  (Local Court Form CV-655b)
   g.  Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference** on the date indicated on <u>The Notice of Case Management Conference.</u>

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit *www.cc-courts.org/adr* , or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the <u>Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days</u> form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

CV-655a/Rev. 07/25/2007

Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
In <u>Unlimited Jurisdiction</u> Civil Actions

<u>YOU ARE BEING SUED.</u> The packet you have been served should contain:

a.  The Summons

b.  The Complaint

c.  The Notice of Case Management (shows hearing date and time)

d.  Blank: Case Management Statement (Judicial Council Form CM-110)

e.  Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

f.  Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

<u>You must:</u>

1. **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management Statement* *(CM-110)*

3. **File and serve your court papers on time**    Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

<u>COURT FEES:</u> You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

<u>COURT FORMS:</u> Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.

2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.

3. If you want to ask the court to do something on your behalf, you may file a MOTION *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

> Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

> a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).
>
> b. For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).
>
> c. Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

> a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.
>
> b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed);*
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court);*
4. Motion to Quash Service of Summons *(you were not legally served);*
5. Motion to Stay *(put the case on hold);* or
6. Motion to Dismiss *(stops the case).*

> **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library**     Martinez: (925) 646-2783     Richmond: (510) 374-3019
- **Ask the Law Librarian:**     www.247ref.org/portal/access_law3.cfm

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE<br>(Amount demanded exceeds $25,000)    ☐ LIMITED CASE<br>(Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                          Time:                Dept.:              Div.:                Room:

Address of court *(if different from the address above)*:

---

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
  a. ☐ This statement is submitted by party *(name)*:
  b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
  a. The complaint was filed on *(date)*:
  b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
  a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
  b. ☐ The following parties named in the complaint or cross-complaint
     (1) ☐ have not been served *(specify names and explain why not)*:

     (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

     (3) ☐ have had a default entered against them *(specify names)*:

  c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
  a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007] | CASE MANAGEMENT STATEMENT | Page 1 of 4<br>Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov |
|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply)*:

      (1) ☐ Mediation

      (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

      (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

      (4) ☐ Binding judicial arbitration

      (5) ☐ Binding private arbitration

      (6) ☐ Neutral case evaluation

      (7) ☐ Other *(specify)*:

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

## 11. Settlement conference

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

## 12. Insurance

    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

## 14. Related cases, consolidation, and coordination

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

    ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

## 15. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

## 16. Other motions

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other Issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**
a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
Previous case management orders in this case are *(check one):* ☐ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

SUPERI....COURT OF THE STATE OF CA....RNIA
IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                    Plaintiff(s)
            vs.

_____

_____
                    Defendant(s)

***Stipulation and Order* to Attend ADR and *Delay First Case Management Conference 90 Days***

Case No.:_____ Date complaint filed: _____ First case management conference set for: _____

> ► ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE
> ► PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553
> ► THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:

☐ Judicial mediation      ☐ Judicial arbitration      ☐ Neutral case evaluation

☐ Private mediation       ☐ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1.  This is not a complex civil case (as described in California Rules of Court, Rule 3.400);
2.  All parties have been served and intend to submit to the jurisdiction of the court;
3.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4.  Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5.  Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6.  Case Management Conference Statements are submitted with this Stipulation;
7.  All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8.  All parties know the court will not allow more than 90 days to complete ADR.

_____ | _____    _____ | _____
Counsel for Plaintiff *(print)*    Fax       Counsel for Defendant *(print)*    Fax

_____              _____
Signature                            Signature

_____ | _____    _____ | _____
Counsel for Plaintiff *(print)*    Fax       Counsel for Defendant *(print)*    Fax

_____              _____
Signature                            Signature

> Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) Plaintiff's counsel must notify all parties of the case management conference.
>
> Dated: _____                              _____
>                                                  *Judge of the Superior Court*



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

### MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
07/18/2008
CT Log Number 513650379

||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

TO:    Dominique Najjar
       Cherne Contracting Corporation
       9855 W. 78th St.
       Eden Prairie, MN 55344-

RE:    **Process Served in California**

FOR:   Cherne Contracting Corporation (Domestic State: MI)

---

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Victor Gonzalez, Pltf. vs. Cherne Contracting Corporation, etc., et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Cover Sheet, Complaint, Notice of Case Management Conference, Notice, Attachment(s), Stipulation Order |
| COURT/AGENCY: | Martinez, Superior Court, CA<br>Case # C0801746 |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination - Failure to fix the intolerable conditions at workplace and failed to take any steps to end those conditions for the purpose of causing plaintiff's resignation |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 07/17/2008 at 10:50 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service - file written response // 12-1-08 at 8:30 a.m. - Case Management Conference |
| ATTORNEY(S) / SENDER(S): | Christopher B. Dolan<br>The Dolan Law Firm<br>1438 Market Street<br>San Francisco, CA 94102<br>415-421-2800 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 790547102564 |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

RECEIVED

JUL 2 1 2008

CHERNE-MPLS.

Page 1 of 1 / JD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# *Exhibit B*

1  KATHLEEN MAYLIN (State Bar No. 155371)
   DEVERIE J. CHRISTENSEN (State Bar No. 243829)
2  JOHN A. ONTIVEROS (State Bar No. 225706)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, California 94105
4  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
5
   Attorneys for Defendant
6  CHERNE CONTRACTING CORPORATION

**FILED**

2008 AUG -7 P 2: 41

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY:_____
         C. Green, Deputy Clerk

7

8

9                 SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF CONTRA COSTA

11

12  VICTOR GONZALEZ,

13             Plaintiff,

14        v.

15  CHERNE CONTRACTING CORPORATION,
    a business entity of unknown form; and DOES
16  1 TO 25, INCLUSIVE,

17             Defendants.

18

19

Case No. C 08-01746

**DEFENDANT CHERNE
CONTRACTING CORPORATION'S
ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT**

Complaint filed: 07/08/08
Trial Date: Not set

**BY FAX**

20        Defendant CHERNE CONTRACTING CORPORATION ("Defendant") hereby answers

21  Plaintiff VICTOR GONZALEZ ("Plaintiff") unverified Complaint for Damages ("Complaint")

22  as follows:

23                      <u>**GENERAL DENIAL**</u>

24        Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each

25  and every allegation contained in Plaintiff's Complaint. Defendant further denies that Plaintiff

26

27  incurred any injury or damages whatsoever as a result of Defendant's alleged conduct.

28

## AFFIRMATIVE DEFENSES

By way of affirmative defense to the allegations of the Complaint herein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because his employment with Defendant was for no specified term and terminable at will.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations including California Code of Civil Procedure sections 335.1 and 340, and/or Business and Professons Code section 17208.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred in that Defendant's actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and based on legitimate business reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's First and Second Cause of Action for wrongful termination in violation of public policy and wrongful constructive termination, respectively, are barred and/or any recovery is precluded because Plainitiff did not complain to Defendant that it engaged in conduct which was arguably in violation of any fundamental public policy embodied in law during his employment with Defendant.

/ / /

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Fourth Cause of Action under Business and Professions Code section 17200 et seq. is barred in that the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, the Defendant did not gain any competitive advantage by such practices, and the benefits outweigh any harm or other impact they may cause.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the defense of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and on each purported cause of action alleged therein, is barred by Labor Code sections 2854 or 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is relieved of any liability whatsoever as to Plaintiff's claims against it because any unlawful conduct giving rise to the claims alleged in the Complaint committed by Defendant's alleged current or former employees or agents occurred outside the course and scope of such employment or agency.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, occurred as a direct or proximate result of his own failure to

exercise due diligence and reasonable care to mitigate his damages. Plaintiff's recovery, if any, must be reduced accordingly.

### THIRTEEN AFFIRMATIVE DEFENSE

Defendant's liability, if any, for non-economic damages claimed by Plaintiff, and each of them, is limited by Civil Code section 1431 *et seq.*

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any damages for alleged physical or emotional injuries allegedly suffered as a result of his employment, because the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, lies before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act (California Labor Code section 3600 et seq.).

### FIFTEENTH AFFIRMATIVE DEFENSE

California Civil Code section 3294 bars Plaintiff's request for punitive damages as Plaintiff cannot show the requisite malice, oppression or fraud.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to set out his claims with sufficient particularity to permit Defendant to raise all appropriate defenses, and Defendant therefore reserves the right to add further defenses as the bases for Plaintiff's claims become known.

**WHEREFORE,** Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by reason of his Complaint on file herein;

2.    That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3.    That Defendant recover its costs and attorneys' fees incurred herein;

///

///

4.    For such other and further relief as the court may deem just and proper.

Dated: August 7, 2008                              JACKSON LEWIS LLP

By: _____
    Kathleen Maylin
    Deverie J. Christensen
    John A. Ontiveros
    Attorneys for Defendant
    CHERNE CONTRACTING CORPORATION

1

**PROOF OF SERVICE**

2

I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3

whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4

age of eighteen (18) years and am not a party to this action.

5

On August 7, 2008, I served the attached: **DEFENDANT CHERNE CONTRACTING**

6

**CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** in this

7

action by placing a true and correct copy thereof, enclosed in sealed a envelope addressed as

8

follows:

9
10
11
12

Christopher B. Dolan
The Dolan Law Firm
1438 Market Street
San Francisco, CA 94102
Tel.: 415-421-2800
Fax: 415-421-2830
Email: cbd@law.com

*Attorney for Plaintiff:*
*Victor Gonzalez*

13

14
15

[ X ] **BY MAIL:** with the United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

16
17

[ ] BY HAND DELIVERY: I caused such envelope to be delivered by hand to the above address (via Western Messenger).

18

[ ] BY OVERNIGHT DELIVERY: I caused such envelope to be delivered to the above address within 24 hours by overnight delivery service (via Overnight Express).

19
20

[ ] BY FACSIMILE: I caused such documents to be transmitted by facsimile to the number indicated above.

21

I declare under penalty of perjury under the laws of the State of California that the

22

above is true and correct; executed on August 7, 2008, at San Francisco, California.

23

24

25

LINDA A. MOORE

26

27

28

PROOF OF SERVICE                                                    Case No.

*Exhibit C*

1  KATHLEEN MAYLIN (State Bar No. 155371)
   JOHN A. ONTIVEROS (State Bar No. 225706)
2  JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, California 94105
4  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
5
6  Attorneys for Defendant
   CHERNE CONTRACTING CORPORATION
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11 VICTOR GONZALEZ,                        Case No.

12            Plaintiff,                   **DECLARATION OF DOMINIQUE
                                           NAJJAR IN SUPPORT OF NOTICE
                                           OF REMOVAL OF ACTION**
13    v.
                                           **[28 U.S.C. SECTION 1441(a) and (b)
14 CHERNE CONTRACTING CORPORATION, a       (DIVERSITY JURISDICTION)]**
   business entity of unknown form; and DOES 1
15 TO 25, INCLUSIVE,

16            Defendants.

17

18    I, Dominique Najjar, do hereby declare as follows:

19        1.    I am currently the Vice President/ Chief Financial Officer for Cherne Contracting

20 Corporation ("Cherne" or "Defendant"). I have personal knowledge of the matters set forth

21 below, and if called to testify, I could and would testify as follows.

22        2.    Cherne was incorporated under the laws of the State of Michigan. Cherne's

23 headquarters and its executive and administrative offices are located in Minneapolis, Minnesota.

24 Although Defendant conducts business in the continental United States, it controls its nationwide

25 operations from Minnesota, where the majority of Defendant's executive and administrative

26 functions are performed. Most of Defendant's executive and administrative employees are

27 located in Minnesota.

28        3.    Attached as **Exhibit 1** is a true and correct report of the wages paid by Cherne

                              1

1  Contracting to Victor Manuel Gonzalez ("Gonzalez") from August 9, 2006, through July 22,

2  2007.

3      4.    Cherne Contracting employed Gonzalez to work on a project in the State of

4  California.  The project was substantially completed on or about April 26, 2008.

5      5.    Attached as **Exhibit 2** is a true and correct report of the benefits (health and

6  welfare, pension, annuity and other benefits) paid by Cherne Contracting for Victor Gonzalez

7  from August 9, 2006, through July 22, 2007.

8      I declare under penalty of perjury under the laws of the United States of America that the

9  foregoing is true and correct.

10     Executed in Minneapolis, Minnesota on August 8 , 2008.

11

12     _____

                    Dominique Najjar

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT 1

**Report for:  Gonzalez, Victor Manuel S**                SSN: REDACT

| WE Date | Home Dept | ST Hours | ST Gross | Bonus Hours | Bonus Gross | Total Gross Amt |
|---------|-----------|----------|----------|-------------|-------------|-----------------|
| 08/13/06 | 33RL3X | 20.00 | $523.40 | | | $523.40 |
| 08/20/06 | 33RL3X | 41.75 | $1,092.60 | 1.75 | $41.81 | $1,134.41 |
| 08/27/06 | 33RL3X | 41.50 | $1,086.06 | 1.50 | $35.84 | $1,121.90 |
| 09/03/06 | 33RL3X | 40.00 | $1,046.80 | | | $1,046.80 |
| 09/10/06 | 33RL3X | 20.00 | $523.40 | | | $523.40 |
| 10/22/06 | 33RL2X | 50.00 | $1,313.50 | 5.00 | $119.95 | $1,450.10 |
| 10/29/06 | 33RL2X | 60.00 | $1,576.20 | 10.00 | $239.90 | $1,816.10 |
| 11/05/06 | 33RL2X | 60.00 | $1,576.20 | 10.00 | $239.90 | $1,816.10 |
| 11/12/06 | 33RL2X | 67.50 | $1,773.23 | 17.50 | $419.83 | $2,193.06 |
| 11/19/06 | 33RL2X | 50.00 | $1,313.50 | 10.00 | $239.90 | $1,553.40 |
| 11/26/06 | 33RL2X | 31.25 | $820.94 | 1.00 | $23.99 | $844.93 |
| 12/03/06 | 33RL2X | 50.00 | $1,313.50 | 10.00 | $239.90 | $1,553.40 |
| 12/10/06 | 33RL2X | 75.00 | $2,010.50 | 24.75 | $622.22 | $2,632.72 |
| 12/17/06 | 33RL2X | 50.00 | $1,313.50 | 5.00 | $119.95 | $1,433.45 |
| 12/24/06 | 33RL2X | 51.00 | $1,339.77 | 5.50 | $131.95 | $1,471.72 |
| 12/31/06 | 33RL2X | 44.00 | $1,189.89 | 10.50 | $252.90 | $1,442.79 |
| 01/21/07 | 33RL2X | 50.00 | $1,313.50 | 10.00 | $239.90 | $1,553.40 |
| 01/28/07 | 33RL2X | 60.00 | $1,576.20 | 10.00 | $239.90 | $1,816.10 |
| 02/04/07 | 33RL2X | 60.50 | $1,589.34 | 10.25 | $245.90 | $1,835.24 |
| 02/11/07 | 33RL2X | 44.00 | $1,155.88 | 7.00 | $167.93 | $1,323.81 |
| 02/18/07 | 33RL2X | 60.00 | $1,576.20 | 10.00 | $239.90 | $1,816.10 |
| 02/25/07 | 33RL2X | 50.00 | $1,313.50 | 10.00 | $239.90 | $1,553.40 |
| 03/04/07 | 33RL2X | 57.50 | $1,510.53 | 10.00 | $239.90 | $1,750.43 |
| 03/11/07 | 33RL2X | 61.00 | $1,602.47 | 11.00 | $263.89 | $1,866.36 |
| 03/18/07 | 33RL2X | 50.00 | $1,313.50 | 10.00 | $239.90 | $1,553.40 |
| 03/25/07 | 33RL2X | 60.00 | $1,576.20 | 10.00 | $239.90 | $1,816.10 |
| 04/01/07 | 33RL2X | 60.00 | $1,576.20 | 10.00 | $239.90 | $1,816.10 |
| 04/08/07 | 33RL2X | 50.00 | $1,313.50 | 5.00 | $119.95 | $1,433.45 |
| 04/15/07 | 33RL2X | 60.00 | $1,576.20 | 10.00 | $239.90 | $1,816.10 |
| 04/22/07 | 33RL2X | 50.00 | $1,313.50 | 5.00 | $119.95 | $1,433.45 |
| 04/29/07 | 33RL2X | 40.00 | $1,050.80 | | | $1,050.80 |
| 05/06/07 | 33RL2X | 20.00 | $525.40 | 5.00 | $119.95 | $645.35 |
| 05/13/07 | 33RL2X | 60.00 | $1,576.20 | 10.00 | $239.90 | $1,816.10 |
| 05/20/07 | 33RL2X | 56.00 | $1,471.12 | 8.00 | $191.92 | $1,663.04 |
| 05/27/07 | 33RL2X | 49.00 | $1,287.23 | 4.50 | $107.96 | $1,395.19 |
| 06/03/07 | 33RL2X | 48.00 | $1,260.96 | 9.00 | $215.91 | $1,476.87 |
| 06/10/07 | 33RL2X | 58.00 | $1,523.66 | 9.00 | $215.91 | $1,739.57 |
| 06/17/07 | 33RL2X | 58.00 | $1,523.66 | 9.00 | $215.91 | $1,739.57 |
| 06/24/07 | 33RL2X | 48.00 | $1,260.96 | 4.00 | $95.96 | $1,356.92 |
| 07/01/07 | 33RL2X | 60.50 | $1,649.84 | 10.25 | $256.15 | $1,905.99 |
| 07/08/07 | 33RL2X | 48.50 | $1,322.60 | 9.25 | $231.16 | $1,553.76 |
| 07/15/07 | 33RL2X | 50.00 | $1,363.50 | 5.00 | $124.95 | $1,488.45 |
| 07/22/07 | 33RL2X | 52.00 | $1,418.04 | 6.00 | $149.94 | $1,567.98 |
| **TOTALS:** | | 2173.00 | $57,353.68 | 329.75 | $7,970.38 | $65,340.71 |

# EXHIBIT 2

| Employee | Day | ST Hours | PT Hours | Fringe Rate | Total Fringe |
|---|---|---|---|---|---|
| GONZALEZ,VICTOR MANUEL S | 8/9/2006 | 10 | 0 | $10.22 | $102.20 |
| GONZALEZ,VICTOR MANUEL S | 8/10/2006 | 10 | 0 | $10.22 | $102.20 |
| GONZALEZ,VICTOR MANUEL S | 8/14/2006 | 10 | 0 | $10.22 | $102.20 |
| GONZALEZ,VICTOR MANUEL S | 8/15/2006 | 10.5 | 0.5 | $10.22 | $107.31 |
| GONZALEZ,VICTOR MANUEL S | 8/16/2006 | 10.5 | 0.5 | $10.22 | $107.31 |
| GONZALEZ,VICTOR MANUEL S | 8/17/2006 | 10.75 | 0.75 | $10.22 | $109.87 |
| GONZALEZ,VICTOR MANUEL S | 8/21/2006 | 10.5 | 0.5 | $10.22 | $107.31 |
| GONZALEZ,VICTOR MANUEL S | 8/22/2006 | 10.5 | 0.5 | $10.22 | $107.31 |
| GONZALEZ,VICTOR MANUEL S | 8/23/2006 | 10.5 | 0.5 | $10.22 | $107.31 |
| GONZALEZ,VICTOR MANUEL S | 8/24/2006 | 10 | 0 | $10.22 | $102.20 |
| GONZALEZ,VICTOR MANUEL S | 8/28/2006 | 10 | 0 | $10.22 | $102.20 |
| GONZALEZ,VICTOR MANUEL S | 8/29/2006 | 10 | 0 | $10.22 | $102.20 |
| GONZALEZ,VICTOR MANUEL S | 8/30/2006 | 10 | 0 | $10.22 | $102.20 |
| GONZALEZ,VICTOR MANUEL S | 8/31/2006 | 10 | 0 | $10.22 | $102.20 |
| GONZALEZ,VICTOR MANUEL S | 9/5/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 9/6/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/16/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/17/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/18/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/19/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/20/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/22/2006 | 0 | 0 | $10.24 | $0.00 |
| GONZALEZ,VICTOR MANUEL S | 10/23/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/24/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/25/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/26/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/27/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/28/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/30/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 10/31/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/1/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/2/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/3/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/4/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/6/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/7/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/8/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/9/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/10/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/11/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/12/2006 | 7.5 | 7.5 | $10.24 | $76.80 |
| GONZALEZ,VICTOR MANUEL S | 11/14/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/15/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/16/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/17/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/18/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/20/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/21/2006 | 10.5 | 0.25 | $10.24 | $107.52 |
| GONZALEZ,VICTOR MANUEL S | 11/21/2006 | 0.75 | 0.75 | $10.24 | $7.68 |
| GONZALEZ,VICTOR MANUEL S | 11/22/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/28/2006 | 10 | 0 | $10.24 | $102.40 |

| | | | | | |
|---|---|---|---|---|---|
| GONZALEZ,VICTOR MANUEL S | 11/29/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 11/30/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/1/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/2/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/4/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/5/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/6/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/7/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/8/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/8/2006 | 2 | 2 | $10.24 | $20.48 |
| GONZALEZ,VICTOR MANUEL S | 12/9/2006 | 10.5 | 5.25 | $10.24 | $107.52 |
| GONZALEZ,VICTOR MANUEL S | 12/9/2006 | 4 | 4 | $10.24 | $40.96 |
| GONZALEZ,VICTOR MANUEL S | 12/10/2006 | 8.5 | 8.5 | $10.24 | $87.04 |
| GONZALEZ,VICTOR MANUEL S | 12/11/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/12/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/13/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/14/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/15/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/18/2006 | 10.5 | 0.25 | $10.24 | $107.52 |
| GONZALEZ,VICTOR MANUEL S | 12/19/2006 | 10.5 | 0.25 | $10.24 | $107.52 |
| GONZALEZ,VICTOR MANUEL S | 12/20/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/21/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/22/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/26/2006 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 12/27/2006 | 5 | 0 | $10.24 | $51.20 |
| GONZALEZ,VICTOR MANUEL S | 12/27/2006 | 8.5 | 0.25 | $10.24 | $87.04 |
| GONZALEZ,VICTOR MANUEL S | 12/29/2006 | 10.5 | 5.25 | $10.24 | $107.52 |
| GONZALEZ,VICTOR MANUEL S | 12/30/2006 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/16/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/17/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/18/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/19/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/20/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/22/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/23/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/24/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/25/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/26/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/27/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/29/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/30/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 1/31/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/1/2007 | 10.5 | 0.25 | $10.24 | $107.52 |
| GONZALEZ,VICTOR MANUEL S | 2/2/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/3/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/5/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/7/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/8/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/9/2007 | 4 | 2 | $10.24 | $40.96 |
| GONZALEZ,VICTOR MANUEL S | 2/10/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/12/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/13/2007 | 10 | 0 | $10.24 | $102.40 |

| GONZALEZ,VICTOR MANUEL S | 2/14/2007 | 10 | 0 | $10.24 | $102.40 |
|---|---|---|---|---|---|
| GONZALEZ,VICTOR MANUEL S | 2/15/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/16/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/17/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/20/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/21/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/22/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/23/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/24/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/26/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/27/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 2/28/2007 | 7.5 | 0 | $10.24 | $76.80 |
| GONZALEZ,VICTOR MANUEL S | 3/1/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/2/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/3/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/5/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/6/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/6/2007 | 1 | 1 | $10.24 | $10.24 |
| GONZALEZ,VICTOR MANUEL S | 3/7/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/8/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/9/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/10/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/12/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/14/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/15/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/16/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/17/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/19/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/20/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/21/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/22/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/23/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/24/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/26/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/27/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/28/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/29/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/30/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 3/31/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/2/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/3/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZÁLEZ,VICTOR MANUEL S | 4/4/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/5/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/6/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/9/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/10/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/11/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/12/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/13/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/14/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/16/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/17/2007 | 10 | 0 | $10.24 | $102.40 |

| | | | | | |
|---|---|---|---|---|---|
| GONZALEZ,VICTOR MANUEL S | 4/18/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/19/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/20/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/23/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/24/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/25/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 4/26/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/3/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/4/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/7/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/8/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/9/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/10/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/11/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/12/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/14/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/15/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/16/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/17/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/18/2007 | 8 | 4 | $10.24 | $81.92 |
| GONZALEZ,VICTOR MANUEL S | 5/19/2007 | 8 | 4 | $10.24 | $81.92 |
| GONZALEZ,VICTOR MANUEL S | 5/21/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/22/2007 | 10.5 | 0.25 | $10.24 | $107.52 |
| GONZALEZ,VICTOR MANUEL S | 5/23/2007 | 10.5 | 0.25 | $10.24 | $107.52 |
| GONZALEZ,VICTOR MANUEL S | 5/24/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/25/2007 | 8 | 4 | $10.24 | $81.92 |
| GONZALEZ,VICTOR MANUEL S | 5/29/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/30/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 5/31/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/1/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/2/2007 | 8 | 4 | $10.24 | $81.92 |
| GONZALEZ,VICTOR MANUEL S | 6/4/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/5/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/6/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/7/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/8/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/9/2007 | 8 | 4 | $10.24 | $81.92 |
| GONZALEZ,VICTOR MANUEL S | 6/11/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/12/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/13/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/14/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/15/2007 | 10 | 5 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/16/2007 | 8 | 4 | $10.24 | $81.92 |
| GONZALEZ,VICTOR MANUEL S | 6/18/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/19/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/20/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/21/2007 | 10 | 0 | $10.24 | $102.40 |
| GONZALEZ,VICTOR MANUEL S | 6/23/2007 | 8 | 4 | $10.24 | $81.92 |
| GONZALEZ,VICTOR MANUEL S | 6/25/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 6/26/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 6/27/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 6/28/2007 | 10 | 0 | $11.19 | $111.90 |

| | | | | | |
|---|---|---|---|---|---|
| GONZALEZ,VICTOR MANUEL S | 6/29/2007 | 10.5 | 5.25 | $11.19 | $117.50 |
| GONZALEZ,VICTOR MANUEL S | 6/30/2007 | 10 | 5 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/2/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/3/2007 | 10.5 | 0.25 | $11.19 | $117.50 |
| GONZALEZ,VICTOR MANUEL S | 7/5/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/6/2007 | 10 | 5 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/7/2007 | 8 | 4 | $11.19 | $89.52 |
| GONZALEZ,VICTOR MANUEL S | 7/9/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/10/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/11/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/12/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/13/2007 | 10 | 5 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/16/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/17/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/18/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/19/2007 | 10 | 0 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/20/2007 | 10 | 5 | $11.19 | $111.90 |
| GONZALEZ,VICTOR MANUEL S | 7/21/2007 | 2 | 1 | $11.19 | $22.38 |
| | | | | | **$22,449.12** |